Argued May 16, remanded with instructions July 5, 1978

STATE OF OREGON, *Respondent,*
*v.*
DAVID WILLIAM MORSE, *Appellant.*
(No. C 77-04-06059, CA 9424)
580 P2d 1038

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

[ 7 ]

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was convicted after a jury trial of attempted sodomy in the first degree (ORS 163.405) and kidnapping in the second degree (ORS 163.225). The presentence report prepared on the defendant prior to sentencing indicated that he had a long history of lack of control over his sexual desires. The report stated that unless the defendant had external controls placed on his behavior, it was likely that he would continue to behave in a sexually irresponsible and harmful fashion. At the sentencing hearing, the following colloquy occurred between the court and defense counsel:

"[Defense counsel]: I would ask the Court—the optimum thing I would ask the Court would be to allow him to continue on his job but require him to have some kind of psychological counseling of an intensive nature, and, if it's possible, to have a report made periodically on that counseling and to see if he is progressing. If the Court feels it can't do that, then I would ask the very worst the Court would consider would be to put him in the State mental hospital as opposed to the State penitentiary because at least he would have a chance to salvage himself and—

"THE COURT: What jurisdiction do I have to do that?

"[Defense counsel]: *I don't know if you do, Your Honor. If the only thing you can do is sentence him to the penitentiary, or if you can give him a probation, suspend the sentence, depending on what his behavior is, maybe that's not adequate, I don't know.* I don't purport to have the answers, but I do feel very strongly, based on what I've seen from Mr. Morse and his performance with me and his performance at least from the time since I've been appointed his counsel, that he is capable, I think, with some help, of whipping this problem, and if he goes to the penitentiary, I don't think that there is a prayer that he will be a whole human being ever again. I think it will ruin him * * *." (Emphasis supplied.)

The following day, the court imposed sentence as follows:

"[THE COURT]: My decision is going to be a sentence of seven years in the State correctional facility, Oregon

[ 9 ]

State Correctional Institute. I'm going to make a recommendation that if—well, it's going to be an accomplished fact. Oregon's Legislature has passed a Sexual Offender's Act. This is going to be implemented with the first hospital beds at Oregon State Hospital in December and January of this year. I'm going to recommend that you be considered for placement in that program. *My recommendation won't have any binding effect. It's really more an expression of a wish on my part that you could get this treatment rather than any mandate* that I'm able to give.

"I hope that through this sentence you will receive a parole which will eventually return you to the community in a supervised situation after your confinement so that you can be given a trial period in a supervised situation, and if that doesn't work, you can be returned again to the State penitentiary.

"*I'm sorry that there is not another resolution to it,* but that's my judgment today and you'll be taken into custody at this time." (Emphasis supplied.)

On appeal, defendant contends under ORS 138.040[1] that the sentence imposed is excessive in view of his background and the circumstances of the offense. We do not reach this contention. The pertinent portions of the record set forth above reveal that both the court and defendant's counsel were unaware of the existence of ORS 426.675, passed by the 1977 Legislative Assembly, which provides:

---

[1] ORS 138.040 provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, including a judgment where the court imposes a sentence which is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense, and may cross-appeal when the state appeals pursuant to subsection (3) of ORS 138.060. Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680. If in the judgment of the appellate court the punishment imposed by the sentence appealed from is cruel, unusual or excessive, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

[ 10 ]

"When a defendant has been convicted of a sexual offense under ORS 163.305 to 163.465 or 163.525 and there is probable cause to believe the defendant is a sexually dangerous person, the court prior to imposing sentence may continue the time for sentencing and commit the defendant to a facility designated under ORS 426.670 for a period not to exceed 30 days for evaluation and report.

"(2) If the facility reports to the court that the defendant is a sexually dangerous person and that treatment available in the facility may reduce the risk of future sexual offenses, the court shall hold a hearing to determine beyond a reasonable doubt whether the defendant is a sexually dangerous person. The state and the defendant shall have the right to call and cross-examine witnesses at such hearing. The defendant may waive the hearing required by this subsection.

"(3) If the court finds that the defendant is a sexually dangerous person and that treatment is available which will reduce the risk of future sexual offenses, it may, in its discretion at the time of sentencing:

"(a)　Place the defendant on probation on the condition that he participate in and successfully complete a treatment program for sexually dangerous persons pursuant to ORS 426.670;

"(b) Impose a sentence of imprisonment with the order that the defendant be assigned by the Assistant Director for Corrections to participate in a treatment program for sexually dangerous persons pursuant to ORS 426.670. Such assignment to a treatment program shall be at the outset of the term of imprisonment or as soon thereafter as possible. The Corrections Division and Mental Health Division shall coordinate assignment and treatment of prisoners under this subsection; or

"(c) Impose any other sentence authorized by law."

"Sexually dangerous person" is defined by ORS 426.510:

"* * * 'sexually dangerous person' means a person who because of repeated or compulsive acts of misconduct in sexual matters, or because of a mental disease or defect, is deemed likely to continue to perform such acts and be a danger to other persons."

■■ The statements made by defendant's counsel and the trial court indicate that they both believed the court did not have the power to make a binding recommendation that defendant be placed in a treatment program for sexually dangerous offenders. ORS 426.675(3)(b) provides the court with that power. Since it appears that the court might have chosen this sentencing option or one the other alternatives available to it under ORS 426.675 had it been aware of its existence, we remand this case for reconsideration of the sentence. By so doing we do not imply that the sentence imposed by the court was excessive, but only that had the court known of the other sentencing options available to it, it might have exercised one of them.

Remanded with instructions.